**Slip Op. 02 -140**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: GREGORY W. CARMAN, CHIEF JUDGE**

|  |  |
|---|---|
| **PACIFIC GIANT, INC., <u>et al.</u>,** | |
| **Plaintiffs,** | |
| **v.** | |
| **UNITED STATES OF AMERICA,** | **Court No. 01-00340** |
| **Defendant,** | |
| **and** | |
| **CRAWFISH PROCESSORS ALLIANCE, <u>et al.</u>,** | |
| **Defendant-Intervenors.** | |

[The Department of Commerce's Final Results of Determination Pursuant to Court Remand are affirmed.]

Dated: December 2, 2002

*Garvey, Schubert & Barer* (*John C. Kalitka, William E. Perry*), Washington, D.C., for Plaintiffs.

*Robert D. McCallum, Jr*., Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Mark L. Josephs*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Arthur D. Sidney*, Attorney, Office of the Chief Counsel for Import Administration, of Counsel, for Defendant.

*Adduci, Mastriani & Schaumberg, L.L.P.* (*Will E. Leonard, Mark Leventhal*, *John C. Steinberger*), Washington, D.C., for Defendant-Intervenors.

**OPINION**

**CARMAN, CHIEF JUDGE:** This Court reviews the United States Department of Commerce's ("Commerce") Final Results of Determination Pursuant to Court Remand (October 15, 2002) ("*Remand Results*"). The *Remand Results* were issued in response to the Court's Order of August 6, 2002. The remand directed Commerce to further explain its decision to apply adverse facts available to the labor production factors of Huaiyin Foreign Trade Corporation No. 30 ("HFTC30") for direct sales channel, as determined in *Freshwater Crawfish Tail Meat From the People's Republic of China: Notice of Final Results of Antidumping Duty Administrative Review and New Shipper Reviews, and Final Partial Rescission of Antidumping Duty Administrative Review*, 66 Fed. Reg. 20,634 (Apr. 24, 2001), *amended by Freshwater Crawfish Tail Meat From the People's Republic of China: Amended Final Results of Administrative Review and New Shipper Reviews*, 66 Fed. Reg. 30,409 (June 6, 2001). *Pacific Giant, Inc. v. United States*, No. 01-00340, slip op. 02-83 (Ct. Int'l Trade Aug. 6, 2002). Specifically, this Court ordered Commerce to:

1. Reconsider Commerce's conclusion that HFTC30 failed to act to the best of its ability to comply with Commerce's requests for information for the direct sales channel. *Id*. at 14.

2. Further explain its conclusion by showing that (a) HFTC30 could comply with the request for information; and (b) either HFTC30's willful decision not to comply or HFTC30's insufficient attention to its statutory duties under the unfair trade laws. *Id*. (quoting *Nippon Steel Corp. v. United States*, 118 F. Supp. 2d 1366, 1378 (2000)).

3. Explain why the missing information regarding labor production factors is significant to the administrative review. *Id*. at 15 (quoting *Nippon Steel*, 118 F. Supp. 2d at 1378-79).

4.      Provide to the Court the appropriate labor factor to apply if Commerce reached the same conclusion in its *Remand Results*. *Id.*

Plaintiffs have not submitted any comments to Commerce's *Remand Results* to the Court.[1]  Upon consideration of the *Remand Results*, the Court holds that Commerce duly complied with the Court's August 6, 2002 Order.

In reconsidering whether HFTC30 acted to the best of its ability to comply with Commerce's requests for information for the direct sales channel, Commerce found that HFTC30 could have complied with Commerce's requests for accurate, verifiable labor factors for its suppliers in the direct sales channel.  (*Remand Results* at 8.)  Commerce explained that:

> "Huaiyin30's [referred to by the Court as HFTC30] main business is selling crawfish tail meat, and during the period of review it dealt with a limited number of crawfish tail meat processors, including Huaiyin Freezing.  As such, Huaiyin30 was in a position to provide the Department with accurate information on its suppliers' factors of production, including labor.  During verification, Huaiyin Freezing stated that it maintains attendance records on a daily basis, and that it tallies these sheets to calculate total monthly labor hours.  As the data requested by the Department was routinely maintained by Huaiyin Freezing in the normal course of business, it was readily available and, as a consequence, would not have been burdensome to report accurately to the Department." (*Id.* at 8-9.) (citation omitted)

Further, Commerce found that HFTC30 paid insufficient attention to its statutory duties under the unfair trade laws.  (*Id.* at 9.)  Commerce explained that HFTC30 failed to reply accurately to requests for factual information relevant to the administrative review.  (*Id.* at 9.)  Commerce supported its finding that HFTC30 paid insufficient attention to its statutory duties by

---

[1] The appendix to Commerce's *Remand Results* contains the comments that Plaintiffs submitted to the Department of Commerce in response to Commerce's "Draft Results of Determination Pursuant to Court Remand" (September 20, 2002).  Plaintiffs' failure to submit comments to this Court on the *Remand Results* constitutes a waiver of Plaintiffs' right to submit comments to the *Remand Results*.

noting that: (1) HFTC30 failed to demonstrate how it calculated its direct, indirect, or packing labor factors of production even though HFTC30 was provided with sufficient notice that Commerce intended to review these labor production factors; (2) HFTC30 provided wholly inaccurate information on its direct, indirect, and packing labor factors in its questionnaire; and (3) HFTC30 did not support its response to Commerce's questionnaire with regard to those labor factors at verification. (*Id*. at 10-12.)

Commerce also explained why the missing information is significant to the administrative review. (*Id*. at 12.) In the *Remand Results*, Commerce stated that "such basic information as that which is used to calculate labor factors is an integral part of the antidumping duty margin calculation process" and the information "is solely within the control of [HFTC30]." (*Id*. at 12.)

Commerce concluded that a partial adverse inference was properly applied in selecting from among facts otherwise available for the labor factor of production for HFTC30's direct sales channel suppliers. (*Id*. at 17-18.) Commerce stated that the highest labor factor on the record of this review should continue to apply to direct sales channel labor factors of HFTC30. (*Id*. at 18.)

## CONCLUSION

This Court finds that Commerce's *Remand Results* are supported by substantial evidence on the record or otherwise in accordance with law. *See* 19 U.S.C. § 1516a(b)(1)(B)(i) (2000). Therefore, Commerce's *Remand Results* are affirmed in the entirety.

_____
Gregory W. Carman
Dated: December      , 2002          Chief Judge
New York, New York